IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSE RIVERA-ENCARNACION,  :     No. 4:06-CV-1935
                          :
        Petitioner,       :
                          :
        v.                :
                          :
LOUIS FOLINO and          :     Judge John E. Jones III
PA ATTORNEY GENERAL,      :
                          :
        Respondents.      :

## MEMORANDUM

### January 15, 2009

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Currently pending before the Court are two motions (collectively, the

"Motions") filed be *pro se* litigant Jose Rivera-Encarnacion ("JRE" or

"Petitioner"), an inmate at the State Correctional Institution in Greene County,

Waynesburg, Pennsylvania ("SCI-Greene").[1]  Petitioner's first motion requests

leave of court to exhaust state remedies pursuant to his petition for habeas corpus

(the "Leave Motion"). (Rec. Doc. 19).  The second motion requests that the Court

stay and abey the aforementioned habeas petition or, in the alternative, to dismiss

---

[1] Petitioner, who is allegedly is not proficient in English, filed the instant Motions
through a fellow inmate, Anthony Yang.

1

said petition without prejudice to refile same (the "Dismiss Motion"). (Rec. Doc. 24). For the following reasons, the Leave Motion will be denied and the Dismiss Motion will be denied to the extent it requests abeyance, but will be granted to the extent it requests a voluntary dismissal.

## PROCEDURAL HISTORY/STATEMENT OF FACTS

On December 19, 2002, Petitioner and his co-Defendant, Nathaniel Negron, pled guilty to third degree criminal homicide of Anthony Mingledough and conspiracy to commit the same in the Court of Common Pleas of Lebanon County. The next day, Petitioner was sentenced to a term of 30-80 years. The Pennsylvania Superior Court affirmed the sentence on December 31, 2003. Petitioner did not seek review by the Pennsylvania Supreme Court. On September 8, 2004, Petitioner, acting *pro se*, filed his first petition pursuant to the Post-Conviction Relief Act ("P.C.R.A."), 42 Pa. C.S. §9541, *et seq*. Counsel was subsequently appointed and filed amended petitions in October 2004 and March 2005. On November 29, 2005, the Honorable Samuel A. Kline denied the PCRA petition. On December 7, 2005, Petitioner's counsel withdrew from the case, citing the frivolity of any further proceedings.

Nonetheless, on December 27, 2005, Petitioner filed a timely *pro se* notice of appeal. On May 18, 2006, the Superior Court dismissed the Petitioner's PCRA

appeal for failure to file a brief. Petitioner proceeded to file a second PCRA petition in Lebanon County. On July 11, 2006, after the filing of the second PCRA petition, the Superior Court reinstated the Petitioner's appeal to the decision denying his initial PCRA petition. Subsequently, on August 23, 2006, the Lebanon County Court of Common Pleas dismissed the second PCRA petition. On September 29, 2006, Petitioner filed his first Habeas Petition with this Court. (Rec. Doc. 1). On March 7, 2007, the Superior Court denied Petitioner's initial PCRA appeal for failure to comply with the requirements of Pennsylvania Rule of Appellate Procedure 1925. On November 29, 2007, Petitioner withdrew his initial Habeas Petition, (Rec. Doc. 6), and, without seeking allocatur from the Pennsylvania Supreme Court on any of his post-conviction claims, filed a second, "all inclusive" Habeas Petition pursuant to 28 U.S.C. § 2254 (the "Amended Habeas Petition"), (Rec. Doc. 7), asserting four bases for relief.[2]

The Respondents filed an answer to the Amended Habeas Petition and a Memorandum in response thereto on February 1, 2008. (Rec. Docs. 13, 14). Petitioner avers that in conducting research on the affirmative defenses asserted in

---

[2] Petitioner avers that he should be afforded habeas corpus relief because: (1) he was denied the opportunity to be evaluated by a mental health expert prior to pleading guilty; (2) he was incompetent to stand trial, and was denied access to mental health experts that would conclude as such; (3) ineffective assistance of counsel; (4) that he did not fully comprehend the consequences of pleading guilty.

3

Respondent's answer, he became aware of case law that stood for the proposition that entering a guilty plea for both third degree murder and conspiracy was contrary to law in the Commonwealth of Pennsylvania. (Rec. Doc. 20, p. 7).[3] Cognizant that his guilty plea contained confessions to those exact crimes, Petitioner proceeded to file the instant Motions.

## DISCUSSION:

Preliminarily, we note that Petitioner has provided us with a brief in support of the Leave Motion, however, the Respondents have not filed a brief in opposition. Since the time in which to do so has expired, this motion is ripe for disposition. Petitioner has not filed a brief in support of the Dismiss Motion. Although Local Rule 7.5 requires a supporting brief to be filed within 10 days of the filing of the motion, M.D. Pa. L.R. 7.5, since Petitioner, and his scrivener, are not trained in the law and since the Leave Motion and Dismiss Motion are essentially identical in that they request the ability to exhaust state remedies, we will consider Petitioner's brief in support of the former motion to be a brief in support of both Motions.

---

[3] Petitioner has represented that he has filed a PCRA petition seeking relief on this newly discovered "evidence," but has yet to receive a decision from the Court of Common Pleas.

4

At this juncture, it is important to take cognizance that habeas corpus relief is only available where state remedies have been exhausted. 28 U.S.C. § 2254(b)(1)(c). To this end, the Pennsylvania Supreme Court has held that "[w]hen a claim has been presented to the Superior Court, or to the Supreme Court of Pennsylvania, and relief has been denied in a final order, the litigant shall be deemed to have exhausted all available state remedies for purposes of federal habeas corpus relief." Pennsylvania Supreme Court Order No. 218, May 9, 2000. Thus, since Petitioner presented the claims contained in the Amended Habeas Petition to the Pennsylvania Superior Court, which denied those claims, the failure to seek Pennsylvania Supreme Court review of these claims is not fatal to the Amended Habeas Petition. Thus, while we do not pass judgment on the merits of the Amended Habeas Petition, we do take cognizance that the claims embodied therein have been litigated in the state courts to an extent that renders state remedies exhausted.

With that said, we turn to our analysis of the instant Motions. A review thereof reveals that the Petitioner intends to incorporate into his Amended Habeas Petition as grounds for relief thereon the averment that the plea agreement into which he entered was contrary to law. Since this claim has just recently come to light, it has not been litigated in the state courts, meaning that state court remedies

as to it have not been exhausted. Ergo, were we to permit the requested

incorporation, the Amended Habeas Petition would become a "mixed petition,"

containing claims for relief that were both exhausted and unexhausted.

In <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), the Supreme Court of the United

States found that, under certain circumstances, it is appropriate to stay and abey

the federal habeas proceedings while the petitioner exhausts his unexhausted

claims in state court. <u>Id.</u> at 277-78. Particularly, issuing a stay or an abeyance is

appropriate when "the petitioner had good cause for his failure to exhaust, his

unexhausted claims are potentially meritorious, and there is no indication that the

petitioner engaged in intentionally dilatory litigation tactics." <u>Abdul-Salaam v.</u>

<u>Beard</u>, 2008 WL 2704605 (M.D. Pa. 2008) (citing <u>id.</u> at 278).

In the instant Motions, Petitioner claims that we should stay and abey the

Amended Habeas Petition in order to afford him the opportunity to exhaust state

remedies on his claim that the guilty plea into which he entered was contrary to

law. Petitioner asserts that <u>Commonwealth v. Tielsch</u>, 934 A.2d 81 (Pa. Super.

2007), and <u>Commonwealth v. Clinger</u>, 833 A.2d 792 (Pa. Super. 2003), stand for

the proposition that a court may not accept a guilty plea which contains charges

for both third degree homicide and conspiracy to commit third degree homicide.

Thus, in order to resolve the instant Motions, <u>Rhines</u> would force us to pass

judgment on a matter of state law, i.e. the legality of the Petitioner's guilty plea, while the merits of that same issue are currently before Pennsylvania state courts on Petitioner's newest PCRA petition. It is not our place to do so and thus, in the interests of comity, we decline any invitation to pass judgment on the merits of the contention underlying that PCRA. Thus we will deny the Motions to the extent they request us to stay and abey the current habeas petition so that the Petitioner may exhaust state remedies.

Lest we forget, the Dismiss Motion also requests, in the alternative, that we dismiss Petitioner's habeas petition without prejudice to re-file once his state remedies have been exhausted on the claims contained in his latest PCRA petition. Accordingly, it is clear to us that he intends to file another habeas petition in the event that that PCRA petition is denied. Thus, were we to deny his motion for voluntary dismissal, we would be faced with the prospect of resolving another habeas petition grounded in the same factual array as the present habeas petition, which, in our opinion, would be a glorious waste of judicial resources. Therefore, in the name of judicial efficiency, we shall grant Petitioner's Dismiss Motion to the extent it seeks voluntary dismissal without prejudice. An appropriate order in accordance with this memorandum will be entered.